Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2597<br>02 C 8808 | **DATE** | September 3, 2003 |
| **CASE TITLE** | In Re Wireless Telelphone 911 Calls Litigation<br>Aggarwal et al v. Nokia Corp et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ___ ___.

(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' joint motion to stay this action pursuant to the doctrine of primary jurisdiction [6-1] is granted. Accordingly, the following issues regarding the Second Report and Order of the Federal Communications Commission are referred to the FCC for its consideration and decision: what is meant by "call completion," "delivery of the call to the landline carrier," and exactly what action must be performed by the handset in 17 seconds. Further proceedings in this case are stayed pending resolution of these issues by the FCC. A status conference will be held in this court on December 3, 2003, at 11:00 a.m. In the Aggarwal v. Nokia matter, 02 C 8808, Nokia's motion to dismiss or, in the alternative, stay this matter [13-1] is granted (to the extent that we have stayed this case rather than dismissing it). Plaintiffs' motion for class certification in Aggarwal [2-1] is denied without prejudice. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | Dee, Terrence@8612200; Gonnelli, Adam@12129839331 | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices faxed by judge's staff. | U.S. DISTRICT COURT | SEP 0 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | 03 SEP -3 PM 4:26 | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | FILED FOR DOCKETING 7-03 | date mailed notice | |
| KAM | courtroom deputy's initials | | | |

03-2597.033-JCD                                                September 3, 2003

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re WIRELESS TELEPHONE 911 CALLS LITIGATION | ) ) ) ) ) | MDL-1521<br>03 C 2597 |
| VISHAL AGGARWAL and BRIDGET BYRNE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NOKIA CORPORATION and AT & T WIRELESS SERVICES, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 02 C 8808 |

DOCKETED

## MEMORANDUM OPINION

Before the court is defendants' joint motion to stay this action pursuant to the doctrine of primary jurisdiction. For the reasons explained below, the motion is granted.[1]

In this multidistrict litigation, plaintiffs contend that defendants' wireless telephones fail to comply with the Second Report and Order of the Federal Communications Commission ("FCC") concerning the revision of the FCC's rules to ensure compatibility

---

[1] Also before the court is defendants' motion to dismiss or to alternatively stay this case pursuant to the doctrine of primary jurisdiction in the above-captioned Aggarwal case. The issues are identical.

24

with Enhanced 911 emergency calling systems.[2] In the Second Report and Order, the FCC approved three "call completion" methods for processing wireless calls (in analog mode) to 911. One of those methods is called "Automatic A/B Roaming-Intelligent Retry," also known as "A/B-IR." The FCC required that a handset using the A/B-IR method meet two conditions in order to address the problem of delays in connecting to 911: (1) "provide effective feedback to inform the user when 911 call processing is underway and has not finished"; and (2) "seek to complete the call with the non-preferred cellular carrier if the preferred cellular carrier has not successfully delivered the call to the landline carrier within 17 seconds after the call is placed." (Second Report and Order, ¶¶ 39-41.) Plaintiffs contend that defendants' phones do not comply with the second requirement--the "17-Second Rule."

Defendants have moved for a stay of this action pursuant to the doctrine of primary jurisdiction. The Seventh Circuit has explained the doctrine as follows:

> When, in a suit based on a federal statute, a potentially dispositive issue arises that is within the exclusive jurisdiction of an administrative agency, the suit must be stayed while the parties resort to the agency for that resolution. . . . When such an issue arises, the suit must stop and the issue must be referred to the agency for resolution. If the agency's resolution of the issue does not dispose of the entire case, the case can resume subject to judicial review of that resolution along

---

[2] In re Revision of the Commission's Rules to Ensure Compatibility with Enhanced 911 Emergency Calling Systems, 14 F.C.C.R. 10954 (1999) ("Second Report and Order").

>whatever path governs review of the agency's decisions, whether back to the court in which the original case is pending or, if the statute governing review of the agency's decisions designates another court, to that court.

Tice v. American Airlines, Inc., 288 F.3d 313, 317-18 (7th Cir. 2002). Although "[n]o fixed formula exists for applying the doctrine of primary jurisdiction," courts in the Seventh Circuit have considered the following factors in determining whether to apply the doctrine: "(a) whether the question at issue is within the conventional experience of judges; (b) whether the question at issue involves technical or policy issues within the agency's particular field of expertise; (c) whether a determination would involve the exercise of agency discretion; (d) the need for a consistent and uniform rule; (e) the likelihood of inconsistent rulings if not referred to the agency; (f) whether the issue has already been before the agency; (g) whether judicial economy is served by having the agency resolve the issue; and (h) whether the referral will result in substantial delay and added expense." Gilmore v. Southwestern Bell Mobile Sys., L.L.C., 210 F.R.D. 212, 221 (N.D. Ill. 2001). Defendants contend that these factors are met, and that we should apply the doctrine of primary jurisdiction because the Second Report and Order is ambiguous as to what "call completion" means and therefore ambiguous as to exactly what act must be performed by the handset in 17 seconds.

In the Initial Case Management Order, we suggested that the defendants explain in their brief why this case is not governed by the rule expressed in In re Tak Communications, Inc., 138 B.R. 568, 579 (W.D. Wis. 1992), aff'd, 985 F.2d 916 (7th Cir. 1993), which plaintiffs regard as authority for the proposition that the doctrine of primary jurisdiction does not apply. Our initial impression was that the FCC's Second Report and Order is not the "work in progress" defendants suggest it is, but is more aptly described by the following language from the Tak opinion: "This is not a case in which the FCC has yet to decide an issue or where its stance is ambiguous; this is a case in which the FCC has established a clear policy . . . ." 138 B.R. at 579.

Our initial impression has changed after a review of the briefs and a closer examination of the Second Report and Order. The relevant language of the Order is as follows:

- "In general terms, the handset should seek to complete the call with the non-preferred cellular carrier if the preferred cellular carrier has not successfully delivered the call to the landline carrier within 17 seconds after the call is placed."

- "The 17-second period is also generally consistent with the combined time periods for two basic call processing tasks that must be performed and completed if a call attempt is to be successful after the call is sent: in the first task, a handset waits up to 12 seconds to receive a voice channel assignment from a base station; in the second task, the base station waits up to 5 seconds to receive a voice channel transmission from the handset."

> "After a handset receives a voice channel assignment and begins transmission to a base station on that channel, Conversation State is reached. As noted, however, at this stage, the handset's voice channel transmission has not necessarily been received at the base station, and thus the handset may not necessarily be able to use the voice channel to communicate with the base station (and thence to the landline network). In establishing a time limit for delivering the call to the landline carrier, we are seeking to ensure that communication between the handset and base station on the voice channel goes beyond Conversation State and reaches the point where the handset's voice channel transmission is indeed received at the base station."

(Second Report and Order, ¶ 41 & n.52.) Plaintiffs argue that this language clearly and unequivocally indicates that the 17-Second Rule "deems a call 'complete' when it is 'transmitted to the base station and then to the landline phone system.'" (Plaintiffs' Brief in Opposition at 9.)

We disagree with plaintiffs; it is not clear from the language exactly what act must be performed by the handset in 17 seconds. True, the Second Report and Order states that the handset should switch to the non-preferred carrier "if the preferred cellular carrier has not successfully delivered the call to the landline carrier within 17 seconds after the call is placed." But, given the complexity of the cellular call set-up, what is meant by "delivery" of the call to the landline carrier? The second and third excerpts quoted <u>supra</u> do not help us determine the answer to that question (in fact, they muddy the waters), and the parties differ, of course, as to what the phrase means.

Thus, the rule expressed in the Tak case does not apply because the Second Report and Order is ambiguous on this issue. The intricacies of cellular call technology lead us to the conclusion that resolving the ambiguities of the Order is not within our conventional expertise, but is within the FCC's field of expertise. Moreover, there does not seem to be any dispute that a consistent and uniform rule is necessary, and we are mindful of the possibility of inconsistent rulings. The issue has already been before the FCC, but the FCC has not spoken in a clear manner. We believe that judicial economy will be served by having the agency resolve the issue, and referral will not result in added expense.[3] Referral may result in some delay, but as defendants have pointed out, the FCC has begun an investigation concerning the compliance of defendants' phones with the 17-Second Rule. We are unpersuaded by plaintiffs' assertion that "dire consequences" would result from referral to the FCC, given that they do not dispute that this litigation affects only a small fraction of wireless 911 calls because of the current dominance of digital technology.[4]

Given all these factors, the issues of what is meant by "call completion," "delivery of the call to the landline carrier," and exactly what action must be performed by the handset in 17 seconds

---

[3] In fact, referral may save some expense.

[4] As noted supra, the Second Report and Order dealt with calls in analog, not digital, mode.

are referred to the FCC for its consideration and decision. Further proceedings in this case are stayed pending resolution of these issues by the FCC. In light of our ruling, plaintiffs' motion for class certification in the <u>Aggarwal v. Nokia</u> case, 02 C 8808 is denied without prejudice to refiling after the stay is lifted.

## **CONCLUSION**

Defendants' joint motion to stay this action pursuant to the doctrine of primary jurisdiction is granted. Accordingly, the following issues regarding the Second Report and Order of the Federal Communications Commission are referred to the FCC for its consideration and decision: what is meant by "call completion," "delivery of the call to the landline carrier," and exactly what action must be performed by the handset in 17 seconds. Further proceedings in this case are stayed pending resolution of these issues by the FCC.

The parties are directed to proceed before the FCC without unnecessary delay and to seek resolution of the three questions identified in this opinion. Inasmuch as the defendants have successfully argued for primary jurisdiction, the court directs them to take the initiative in obtaining the desired action of the FCC. A status conference will be held in this court on December 3, 2003, at 11:00 a.m.

In the <u>Aggarwal v. Nokia</u> matter, 02 C 8808, Nokia's motion to dismiss or, in the alternative, stay this matter is granted (to the extent that we have stayed this case rather than dismissing it). Plaintiffs' motion for class certification in <u>Aggarwal</u> is denied without prejudice.

DATE: September 3, 2003

ENTER: _____
John F. Grady, United States District Judge